**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALEX P.G.T.,

                    Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

U.S. DEPARTMENT OF HOMELAND SECURITY*;*

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

                    Respondents.

Civil No. 26-1892 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Emily Asp and Kelly Maxwell, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

David W. Fuller and Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Alex P.G.T. was detained by U.S. Immigration and Customs Enforcement

("ICE") officials on January 8, 2026.  (Verified Pet. for Writ of Habeas Corpus ("Pet.") ¶ 12,

March 16, 2026, Docket No. 1.)  On March 16, 2026, Petitioner filed a petition for a writ

of habeas corpus, challenging the lawfulness of his detention.  (*Id*.)  Because the Court concludes that it has jurisdiction and Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Alex P.G.T. is a resident of Columbia Heights, Minnesota.  (Pet. ¶ 12.) The Petition states that Petitioner is a citizen of Ecuador (*id.*); Respondents indicate that Petitioner is a citizen of Spain and a national of Ecuador (Decl. of William J. Robinson ("Robinson Decl.") ¶ 4, March 19, 2026, Docket No. 5).  Petitioner has lived in the United States since approximately 2015, and he resides with his mother and younger sister.  (Pet. ¶¶ 12, 17)

On or around January 8, 2026, Petitioner was arrested without a warrant and detained.  (*Id.* ¶ 23.)  Petitioner was transferred out of Minnesota less than 24 hours after his arrest.  (Decl. of Evony Ka Vang ("Vang Decl.") ¶ 4, Mar. 20, 2026, Docket No. 7.) Petitioner was detained first in El Paso, Texas, then in Natchez, Mississippi.  (Robinson Decl. ¶¶ 6–7.)  Petitioner's habeas petition was filed on March 16, 2026, while he was in Mississippi.  (*See* Pet. ¶ 12.)  On March 19, 2026, Petitioner was informed that he was being transferred again.  (Vang Decl. ¶ 18.)  Respondents have not represented to the Court that Petitioner has been returned to Minnesota, as directed in the Court's previous Order.  (March 17, 2026, Docket No. 3.)

Respondents argue that the Court should either dismiss this petition for improper venue or transfer it to Mississippi. (*See generally* Federal Resp'ts' Resp., March 19, 2026, Docket No. 4.) The Court disagrees. In his time in Respondents' custody, Petitioner has been detained in at least three separate facilities in three different states. The Court refuses to allow Respondents to require Petitioners' counsel to determine the appropriate location to file their habeas petition while Respondents move Petitioner around. To do so would be to condone a ghoulish version of Whac-A-Mole. The District of Minnesota—where Petitioner resides, was arrested and detained, and was his last known permanent location—is the proper forum for Petitioner to challenge his detention as unlawful. *See Gabriel A.H.L. v. Noem*, CV 26-860 (JRT/EMB), 2026 WL 323106, at *2 (D. Minn. Feb. 6, 2026).

Respondents spend only a paragraph of their eight-page memorandum addressing the merits of Petitioner's habeas petition. Respondents seem to rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. To the extent Respondents rely on § 1225(b)(2), the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

The Court therefore turns to the proper remedy.  Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2) and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Alex P.G.T.'s petition for writ of habeas corpus and order that he be released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Alex P.G.T.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

   b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the potentially severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in inclement weather.  It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 12:00 p.m. on March 27, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  March 24, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge