**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALEX P.G.T.,

                                    Civil No. 26-1892 (JRT/DJF)

              Petitioner,

v.

PAMELA BONDI, *U.S. Attorney General*;

U.S. DEPARTMENT OF HOMELAND
SECURITY;

TODD M. LYONS, *Acting Director of U.S.*
*Immigration and Customs Enforcement*;          **ORDER**
and

DAVID EASTERWOOD, *Acting Director, St.*
*Paul Field Office, U.S. Immigration and*
*Customs Enforcement*,

              Respondents.

---

Emily Asp and Kelly Maxwell, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

David W. Fuller and Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Alex P.G.T. was arrested by federal officers on January 8, 2026.  He was then detained in Minnesota, El Paso, Texas, and Natchez, Mississippi.  On March 24, 2026, the Court concluded that Petitioner's detention was unlawful and ordered Respondents

to immediately release Petitioner—"with all personal effects, **such as [his] driver's license** . . . ." (Mem. Op. and Order, Mar. 24, 2026, Docket No. 8.)

The Court directed the parties to provide a status update regarding Petitioner's release by March 27, 2026. Those status updates indicated that, although Petitioner was timely released, Respondents violated the Court's March 24, 2026 Order by failing to release Petitioner with all of the personal property that was in his possession when he was unlawfully detained. Both parties confirmed that Petitioner had been released without his driver's license. (*See* Docket Nos. 9, 10.)

On April 6, the Court requested an update regarding Petitioner's driver's license. The parties provided a joint status report stating that U.S. Immigration and Customs Enforcement was "declaring the property lost" and that Petitioner had been "provided . . . an administrative tort form and instructions for submitting it to ICE if Petitioner chooses to do so." (Docket No. 12.)

When the federal government arrests and detains an individual without adequate procedures to ensure that their personal property is returned when they are released, it "intensif[ies] the harm of their unlawful arrests and present[s] further risks to their safety, liberty, and well-being." *J.B.C.O. v. Bondi*, No. 26-424, 2026 WL 638455, at *6 (D. Minn. Mar. 6, 2026). The Court has made abundantly clear that it will not tolerate the unlawful retention of detainees' property in violation of this Court's orders.

Recently, when faced with similar violations of Court orders leading to the deprivation of important personal property, the Court consolidated five cases and ordered Respondents to facilitate and reimburse petitioners' property-related claims within 30 days. *Id.* The Court will do the same here.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Within **24 hours** of this Order, Respondents' counsel is directed to provide Petitioner's counsel any additional forms and instructions regarding the Federal Tort Claims Act (FTCA) process not previously provided to Petitioner's counsel.

2. For any item of personal property or for other type of loss for which Petitioner wishes to seek monetary compensation, Petitioner shall, within **five days** of this Order:

   a. Submit, as directed by Respondents, a claim under the FTCA, and

   b. Provide the Court a copy of the claim as submitted by email to Tunheim_Chambers@mnd.uscourts.gov.

3. Respondents shall facilitate and reimburse all FTCA claims submitted by Petitioner within **30 days**.

4. Should any property for which an FTCA claim has been submitted be later found, Respondents shall return that property to Petitioner, notwithstanding any prior tort claim resolution.

-3-

5. For any FTCA claim not fully reimbursed within **30 days** of this Order, the Court will issue a further order regarding whether contempt proceedings are necessary stemming from Respondents' violation of the Court's express instructions in its March 24 Order that Petitioner be released with his personal property, including his driver's license.

DATED: April 9, 2026
at Minneapolis, Minnesota.
5:15 p.m.

JOHN R. TUNHEIM
United States District Judge